UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

NEIL ROJAS,

    Plaintiff,

v.

MCRT RESOURCES, LLC,
MCRT SOUTH FLORIDA, LLC,
and MCRT NORTH FLORIDA, LLC

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NEIL ROJAS, by and through his undersigned counsel, hereby sues the Defendants, MCRT RESOURCES, LLC, MCRT SOUTH FLORIDA, LLC and MCRT NORTH FLORIDA, LLC., and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and to remedy violations of the rights of MR. ROJAS under the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621, et seq, ("ADEA") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), to redress injuries done to him by the Defendants, MCRT RESOURCES, LLC, MCRT SOUTH FLORIDA, LLC, MCRT NORTH FLORIDA, LLC. ("Defendants").

2. The unlawful acts which gave rise to this Complaint occurred within Palm Beach County, Florida during the Plaintiff's employment with Defendants, making venue proper in this District pursuant to 28 U.S.C. § 1391.

### PARTIES

1

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County Florida and is otherwise *sui juris*.

4. At all times material hereto, Defendant, MCRT RESOURCES, LLC, was a Delaware corporation doing business in Florida and with a place of business in Palm Beach County, Florida.

5. At all times material hereto, Defendant, MCRT SOUTH FLORIDA, LLC, was a Delaware corporation with its principal place of business in Palm Beach County, Florida.

6. At all times material hereto, Defendant, MCRT NORTH FLORIDA, LLC, was a Delaware corporation doing business in Orange County, Florida.

7. At the relevant time, Plaintiff was a 63 year old male, and, as such, Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621, et seq, ("ADEA") and the Florida Civil Rights Act of 1992, as amended ("FCRA"), because the terms, conditions, and privileges of his employment were altered because of his age.

8. At all times material hereto, Defendants were joint employers, wherein all three possessed and exercised substantial, direct, and immediate control over the essential terms and conditions of Plaintiff's employment and all three have done so in a manner that is not limited and routine.

9. At all times material hereto, Defendants were Plaintiff's employer within the meaning of the ADEA and the FCRA.

10. Defendants have, at all times material hereto, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7).

11. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendants with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

12. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

13. Plaintiff was issued a Notice of Right to Sue on September 06, 2019. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff was hired by Defendants as an Assistant Superintendent for Defendants on August 29, 2013 until he was terminated on October 13, 2017.

16. Plaintiff was qualified for his position as an Assistant Superintendent.

17. As an Assistant Superintendent, Plaintiff's primary duties and responsibilities included helping the project super with daily activities.

18. On October 13, 2017, the Plaintiff was surprisingly laid off from his position because of an alleged lack of work.

19. Despite this explanation, shortly after Defendants terminated Plaintiff, the Defendants replaced him with two significantly younger individuals.

20. Prior to the Plaintiff's termination, he was working on a 26-story high rise project called "Madeira." Both younger individuals who replaced the Plaintiff ("Jason" and "Name Unknown") were hired for the same exact job site as the Plaintiff. They were also hired as Assistant Superintendents, not as Assistant Project Managers as claimed by the Defendants.

21. Leroy Gray, an Assistant Superintendent for the Defendants, confirmed that the two younger individuals took over the Plaintiff's job duties and responsibilities.

22. Further, the Defendants claimed that the Plaintiff's position was eliminated due to a lack of work is contradicted by the fact that, only three weeks after terminating the Plaintiff, Defendants posted an advertisement on Indeed.com for an Assistant Superintendent.

23. The project to which the Plaintiff was assigned was approximately eight to twelve months away from completion at the time of the Plaintiff's termination. It did not have a Temporary Certificate of Occupancy or a Certificate of Occupancy. There were approximately 10 people working on that project at any one time, including the Plaintiff. Yet, only the Plaintiff and another individual (who was black) were terminated and replaced shortly thereafter. The other eight younger people remained on the job.

24. Age was a deciding factor in Defendants' decision to terminate Plaintiff as Plaintiff was the oldest person on the jobsite and he was replaced shortly thereafter by two much younger individuals. Further, Mr. Leroy Gray was told by Vinny, General Superintendent, that "Neil is too old for this job. He can't even read drawings anymore." Vinny would brag to others about wanting to "get rid of" the Plaintiff.

25. Further, even assuming that the project was completed - which it was not – the Defendants could have assigned the Plaintiff to work on another project. The Defendants had plenty of work for the Plaintiff.

26. There were many instances where people were laid off because of lack of work but then were re-hired when work picked back up. During the Plaintiff's employment, Ray (last name and title unknown) was terminated and then re-hired again. There were also other people who were fired and then re-hired prior to the Plaintiff's employment.

27. Upon the Plaintiff's termination, the Defendants told him that he would receive his vacation pay if he signed a release. Later, the Plaintiff learned that he was entitled to be

compensated for his unused vacation time even if he did not sign the Separation Agreement, pursuant to the Defendants company handbook.

28. The Separation Agreement made no mention of vacation pay, but did repeatedly state that the Plaintiff would not be entitled to compensation unless he signed it. At the time of the Plaintiff's termination, he had unused vacation time.

29. The Defendants also did not give the Plaintiff 21 days to consider the Separation Agreement followed by the requisite seven-day revocation period. Instead, the Defendants handed the Plaintiff the Agreement, told him to sign it to get his unpaid vacation time, and escorted him out. The Plaintiff was never given a chance to read and understand the Agreement or told to consult a lawyer.

30. Plaintiff has engaged the undersigned attorney to prosecute his claims and is entitled to recover his attorney's fees from Defendants pursuant to statute.

### COUNT I: VIOLATION OF THE ADEA
**(Discrimination on the Basis of Age)**

31. Plaintiff realleges and readopts the allegations contained in paragraphs 1 through 30, inclusive, as though same were fully re-written here.

32. Plaintiff was fifty-eight (58) years old when he began working for the Defendants and sixty-three (63) years old when he was terminated.

33. On October 13, 2017, the Plaintiff was surprisingly laid off from his position because of an alleged lack of work.

34. Despite this explanation, shortly after terminating the Plaintiff, the Defendants replaced him with two significantly younger individuals.

35. Because Plaintiff is an older man, he was discriminated against and fired from his position under the guise of "lack of work" only to be replaced by younger individuals.

36. Younger employees were not taken off of the projects that they were working on.

37. Plaintiff was terminated only because of his age, and would not have been terminated but for his age.

38. Defendants did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

39. Defendants termination of Plaintiff was willful and intentional, and constitutes a reckless disregard for Plaintiff's rights.

40. Defendants had no good faith basis for terminating Plaintiff, and Plaintiff is entitled to liquidated damages based on these actions.

41. Prior to terminating Plaintiff, Defendants did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendants was a violation of Plaintiff's rights under the ADEA; require that Defendants make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendants for all lost wages and compensatory damages, including liquidated damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendants pursuant to the ADEA and provide any additional relief that this Court deems just.

## COUNT II – VIOLATION OF THE FCRA
**(Age discrimination)**

42. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 30, inclusive, as though same were fully re-written here.

43. The acts of Defendants, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

44. The discrimination to which Plaintiff was subjected was based on his age.

45. Plaintiff was fired only because of his age, and would not have been fired but for his age.

46. The conduct of Defendants and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

47. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendants, to deter it, and others, from such conduct in the future.

48. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

49. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays that this Court will issue a declaratory judgment that the discrimination against Plaintiff by Defendants was a violation of Plaintiff's rights under the FCRA; requiring that Defendants make Plaintiff whole for his losses suffered as result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay; grant Plaintiff a judgment against Defendants for damages, including punitive damages; award Plaintiff his reasonable attorney's fees and litigation expenses against Defendants pursuant to 760.11(5), FLA. STAT; and provide any additional relief that this Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

>Respectfully submitted this 3rd day of December, 2019.
>
>By: /s/ *Michelle Cohen Levy*
>Michelle Cohen Levy, FBN 0068514
>The Law Office of Michelle Cohen Levy, P.A.
>4400 N. Federal Highway
>Lighthouse Point, Florida 33064
>P: (954) 651-9196
>Michelle@CohenLevyLegal.com
>Counsel for Plaintiff